```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
   MICHAEL ALONSO,                                          :
                                                            :   **MEMORANDUM DECISION AND**
                                            Plaintiff,      :   **ORDER**
                                                            :
              - against -                                   :   24-cv-1705 (BMC)
                                                            :
   NEW YORK CITY HEALTH AND                                 :
   HOSPITAL CORPORATION; TANYA                              :
   MOORE; and SIXTO VALENTIN,                               :
                                                            :
                                            Defendants.     :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff brings this action against defendants for creating a hostile work environment.[1] For the reasons that follow, defendants' motion to dismiss is granted on *res judicata* grounds.

## BACKGROUND

The following allegations from plaintiff's complaint are accepted as true for purposes of the present motion.

During the period relevant to this litigation, plaintiff was employed by defendant New York City Health and Hospital Corporation ("NYCHHC") as a police officer at Elmhurst Hospital. NYCHHC also employed the individual defendants, two officers who served as plaintiff's immediate supervisors. NYCHHC had "dominion, and/or possession and/or control" over the individual defendants.

Plaintiff alleges that he is a "Caucasian-American Male," and that NYCHHC denied him the right to apply for a position as chief, despite his qualifications. Instead, the job went to

---

[1] This is presumably a common law cause of action, as plaintiff's amended complaint fails to cite any city, state, or federal laws that defendants violated. Jurisdiction is based on diversity of citizenship.

defendant Moore, "an African-American Female, who was not as qualified for that position." Plaintiff was demoted for failing to arrest a violent patient and alleges that black officers who exercised similar discretion were not demoted.  NYCHHC also took his police shield and personal belongings for the same conduct and did not do the same to non-white officers. Defendant Valentin told plaintiff that defendant Moore "had it out for [him]" because of his race. Defendants had an (unspecified) "history of racially motivated disputes with plaintiff" and "fabricated and/or lost exculpatory evidence" in the form of video footage that would corroborate plaintiff's claims.

Plaintiff previously brought an action in state court against these defendants for nearly identical conduct, captioned Alonso v. H+H, et al., Index No. 715899/23 (Sup. Ct. Queens County).  Justice Kerrigan dismissed plaintiff's action in its entirety.  As relevant here, Justice Kerrigan held that plaintiff failed to make out a claim against NYCHHC for hostile work environment.  This suit followed.

## DISCUSSION

Defendants move to dismiss the action on the ground of *res judicata* and for failure to state a claim.  The Court takes judicial notice of the plaintiff's complaint in the state court action and Justice Kerrigan's order granting the motion to dismiss.  See TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 498 (2d Cir. 2014); AmBase Corp. v. City Investing Co. Liquidating Tr., 326 F.3d 63, 72 (2d Cir. 2003).

"Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Flaherty v. Lang, 199 F.3d 607, 612 (2d Cir. 1999).  The doctrine of *res judicata* bars a party from raising a claim because of a previous action when: "(1) the

2

previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001).

Plaintiff's allegations in this case are nearly identical to those in the state law case, which was dismissed on the merits as to NYCHHC. Plaintiff alleges that NYCHHC employed and controlled the individual defendants during the relevant period, establishing privity among the defendants. See Krepps v. Reiner, 377 F. App'x 65, 68 (2d Cir. 2010). To the extent that plaintiff's allegations in this case vary slightly from those in the state court case, he has not explained why he could not have originally brought his new claims. *Res judicata* bars "a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." Burka v. N.Y. City Transit Auth., 32 F.3d 654, 657 (2d Cir. 1994). Therefore, *res judicata* bars plaintiff from bringing this action.[2]

## CONCLUSION

Defendants' [13] motion to dismiss is granted.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       July 18, 2024

---

[2] The Court does not reach defendants' arguments that the complaint fails to state a claim on other grounds.

3